# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD WILDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 1692 |
| | ) |
| JESUS BARAJAS, EDWARD KERN, | ) Magistrate Judge Finnegan |
| CALVIN SEATON, and ANTONIO | ) |
| FERGUSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Wilder, an inmate at the Cook County Department of Corrections ("CCDC"), has sued correctional officers Jesus Barajas ("Barajas"), Edward Kern ("Kern"), Calvin Seaton ("Seaton"), and Antonio Ferguson ("Ferguson") (collectively "Defendants") pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment rights. Plaintiff claims that Defendants: (1) used excess force against him, (2) conspired to use excessive force, and (3) conspired to cover up their actions. *See* First Amended Complaint ("FAC"). The parties consented to have Magistrate Judge Martin Ashman conduct any and all proceedings in this case, including entry of final judgment. 28 U.S.C. § 636(e); N.D. Ill. R. 73.1(c). On June 12, 2012, the case was reassigned to this Court under Local Rule 73.1(b) for further proceedings. Now before the court is Defendants' motion for summary judgment concerning Plaintiff's conspiracy claims, and Plaintiff's motion for leave to file his Second Amended Complaint ("SAC"). For the reasons stated below, Defendants' motion for summary judgment is granted, and Plaintiff's motion for leave to file to file an SAC is denied.

## BACKGROUND[1]

During the relevant period Plaintiff was a pre-trial detainee at the Cook County Department of Corrections ("CCDC") in Chicago, Illinois, where he was housed in the Adult Behavior Observation Unit of Division 9. (Defs.' SOF ¶ 1). Defendants worked as correctional officers at the CCDC. (*Id*. ¶ 2). On May 19, 2008, Defendant Barajas secured Plaintiff with handcuffs and removed him from his cell in order to escort him to a dental appointment. (*Id*. ¶¶ 4, 6). Defendant Ferguson accompanied Defendant Barajas in escorting Plaintiff from the tier (where Plaintiff was housed) to the Core, but then went to the nearby interlock to procure Plaintiff's ID card. (*Id*. ¶ 8). According to Plaintiff, once Defendant Barajas took him into a nearby hallway off the tier, Plaintiff was unshackled and Barajas instigated a fight within feet of Defendant Kern. (*Id*. ¶¶ 7-8). Plaintiff alleges that Barajas struck him, causing Plaintiff to take a defensive stance. (*Id*. ¶ 7). He further claims that Defendant Barajas then called a "10-10" (all available alert) over the radio for deputies to assist him. Each of the other Defendants then arrived on the scene and joined in beating Plaintiff. (*Id*.).

---

[1] This factual background references Defendants' Local Rule 56.1 statement of facts ("Defs.' SOF") when Plaintiff has not disputed those "facts." For example, Defendants' statement of facts includes the allegations made by Plaintiff during his deposition, and Plaintiff does not dispute that he made such allegations. Other facts are supported by citations to deposition testimony submitted by Defendants; Defendants provided deposition testimony from officers Ferguson, Seaton and Kern but not Barajas. Plaintiff filed a response to Defendants' statement of facts but did not initially submit his own statement of facts justifying the denial of summary judgment, as required by Local Rule 56.1(b)(3)(B). Two days after Defendants filed a reply brief that highlighted the absence of such a statement, Plaintiff's retained counsel sought and was given leave to file a fact statement (Doc. 77) and did so. That statement, however, does not refer to any affidavit, part of the record, or other supporting material as required by Local Rule 56.1(b)(2)(C). The implications of this are discussed later in the Opinion.

Defendant Barajas' fellow officers tell a different story. Defendant Ferguson testified that he had left the immediate area before the fight began, but he quickly returned after the alert was sounded. (Ex. C; Ferguson Dep., at 9-10).[2] By the time he returned, one of Plaintiff's hands was no longer cuffed, and Plaintiff was striking out at Defendant Barajas. Defendant Ferguson claims that his fellow officer was covering himself and trying to push Plaintiff away. (*Id*. at 10-11). Defendant Ferguson never spoke to Defendant Barajas during the altercation. (Defs.' SOF ¶ 8).

Defendant Kern was stationed on Tier 1F when Barajas' alert call was sounded, and he arrived at the scene within thirty seconds. (Ex. E; Kern Dep., at 7-8, 11). Kern testified that Plaintiff was "swinging wildly" at Defendant Barajas when he came upon the scene. (*Id*. at 11-15). Kern then grabbed one of Plaintiff's arms and brought him to the ground so that he and Ferguson could secure Plaintiff. (Defs.' SOF ¶ 10). For his part, Defendant Seaton claims that he merely unlocked the access door for the other officers to respond to the alert call, and that he did not directly witness the incident. (Ex. D; Seaton Dep., at 11).

After the incident, Defendant Ferguson escorted Defendant Barajas to get medical attention. (Defs.' SOF ¶ 8). The nature of Defendant Barajas' injuries are unknown. Plaintiff claims that he suffered a fractured nose, bruised ribs, and unspecified head injuries. (*Id*. ¶ 11). At his deposition, Plaintiff said he lost consciousness and woke up in Mt. Sinai Hospital, where he was treated. (Ex. A, Plaintiff Dep., at 49). Plaintiff

---

[2] All depositions cited herein are exhibits to Defendants' Memorandum in support of the motion for summary judgment. (Doc. 61).

subsequently filed a grievance concerning the incident,³ and then filed this lawsuit on March 16, 2010.

## **LEGAL STANDARD**

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting former FED. R. CIV. P. 56(c)). Such an issue exists only where a rational trier of fact could find for the nonmoving party. *Id*. at 324; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As the moving parties, Defendants have the initial burden of demonstrating that they are entitled to summary judgment. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). The evidence, together with all reasonable inferences that can be drawn from it, must be viewed in the light most favorable to the nonmoving party. *Miller v. Am. Family Mut. Ins*., 203 F.3d 997, 1003 (7th Cir. 2000). The nonmoving party, however, cannot overcome a summary judgment motion by relying on unsubstantiated facts or by resting on its pleadings. *See Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Instead, the party that bears the burden of proof on an issue must demonstrate by means of admissible evidence that no genuine issue of material fact exists that requires a trial. *Id*. A court neither weighs conflicting evidence nor resolves factual disputes in deciding whether summary judgment

---

³ Defendants describe at some length the grievance procedures and steps taken (and not taken) by Plaintiff to grieve what happened. These facts are not included in the Opinion because they are irrelevant to the issues now under consideration. Defendants' prior motion for summary judgment based on the alleged failure to exhaust administrative remedies was denied. (Doc. 39).

is appropriate. *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996). A court considers the record as a whole and draws all reasonable inferences in the light most favorable to the non-moving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002).

## DISCUSSION

**I. Defendants' Motion for Summary Judgment as to the Conspiracy Claim**

Count II of Plaintiff's FAC alleges that Defendants "schemed and worked together in a common plan to use excessive force" against Plaintiff and "conspired and agreed together to cover-up their use of excessive force, including filing false reports [and] giving false statements and testimony under oath...." (Doc. 47 ¶¶ 6-7). This Court discusses each of these claims in turn.

**A.** **Conspiracy to Use Excessive Force**: To demonstrate a conspiracy to use excessive force, Plaintiff must show that there was "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Defendants argue that Plaintiff is unable to provide any factual evidence in support of the conspiracy claims. (Doc. 61, at 4).

In his response Plaintiff contends that Defendant Ferguson "admitted" that Defendants conspired to punish Plaintiff for supposedly acting out of line "when he told another inmate, Derrick Lowery, that Plaintiff had been beaten by the Defendants because he was acting 'out of body.'" (Doc. 68, at 1). Plaintiff argues that, as a statement by a

coconspirator, Ferguson's admission is admissible against all of the Defendants, and this evidence creates a material issue of fact that the jury must resolve. (*Id.*).

This Court is not persuaded. First, Plaintiff fails to provide any evidence of the alleged statement by Defendant Ferguson, such as deposition testimony of Ferguson or inmate Lowery. Instead, Plaintiff cites to his own Rule 56.1 Statement, which contains the "fact" but references only the proposed SAC in support of this fact.[4] This is clearly insufficient to avoid summary judgment because a party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citing former FED. R. CIV. P. 56(e)). If inmate Lowery testified at a deposition in the manner set forth in Plaintiff's Rule 56.1 statement, and Plaintiff felt this evidence showed that a conspiracy existed, then Plaintiff was required to provide the deposition testimony to the Court. As it stands, Plaintiff's claim that Ferguson made such a remark to Lowery is conclusory, and "conclusory assertions are insufficient to raise a genuine issue of material fact[.]" *In re Morris Paint & Varnish Co.*, 773 F.2d 130, 136 (7th Cir. 1985). *See also Larsen v. City of Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997).

Plaintiff does not reference any other evidence to support his conspiracy claim. Instead, his Rule 56.1 statement simply asserts in a conclusory fashion that "[i]t was a regular and routine practice for Cook County Jail guards to severely beat inmates who were perceived to be "out of line" as an informal form of discipline and to demonstrate that

---

[4] The Rule 56.1 Statement says: "Defendant Antonio Ferguson told inmate Derrick Lowery that plaintiff Richard Wilder was beaten by the defendants because he stepped 'out of body' which meant 'out of line.'" (Pl.'s SOF ¶ 1, citing "Plaintiff's Second Amended Complaint").

they were in control of the jail." (Pl.'s SOF ¶ 3). In support of this "fact," Plaintiff again cites only the proposed SAC rather than deposition testimony or other evidence.

Second, even if Plaintiff had provided deposition testimony from inmate Lowery, this statement alone would not be sufficient to create a material issue of fact as to the conspiracy claim. Plaintiff contends that "Ferguson's admission is admissible against all of the defendants" as a statement by a coconspirator under Federal Rule of Evidence 801(d)(2)(E). (Doc. 68, at 1). The Court disagrees. Rule 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). To meet this standard, Plaintiff must demonstrate that Lowery's remark was "part of the information flow between conspirators to help each perform a role." *United States v. Johnson*, 927 F.2d 999, 1002 (7th Cir. 1991). Plaintiff fails to satisfy this requirement since Defendant Ferguson made the remark to Lowery *after* the alleged beating was over and the conspiracy's goal fully accomplished. *See United States v. Gajo*, 290 F.3d 922, 929 (7th Cir. 2002) (noting that determining whether a statement is made "in furtherance of" of a conspiracy requires consideration of the statement's context).

Although it is true that after-the-fact statements by a coconspirator can fall within Rule 801(d)(2)(E) under some circumstances, they must still be made in an attempt to further "the broad objectives" of the underlying conspiracy itself. *See United States v. Newton*, 326 F.3d 253, 259 (1st Cir. 2003); *see also United States v. Ammar*, 714 F.2d 238, 252 (3d Cir. 1983) ("Statements between the conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current

status of the conspiracy further the ends of the conspiracy and are admissible[.]"). Plaintiff has not presented any argument as to why the alleged statement of Defendant Ferguson to inmate Lowery was an attempt to further the objectives of the underlying conspiracy. If anything, Ferguson's revelation to an inmate of an implied agreement to use excessive force would have undermined the Defendants' plan by revealing it to one of their potential victims. For these reasons, the standard is not met and the statement of Defendant Ferguson would not be admissible against the other Defendants as a coconspirator statement.

Finally, even if the testimony of inmate Lowery were admissible as an admission against Defendant Ferguson,[5] the evidence would be insufficient to defeat summary judgment on the claim that Ferguson joined a conspiracy. To sustain a conspiracy claim, Plaintiff must show that the alleged coconspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding," and that they had a "meeting of the minds." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). The alleged statement by Defendant Ferguson is not itself evidence of a conspiracy to use excessive force against Plaintiff. At most, the comment that Plaintiff "stepped out of body" so Defendants beat him, appears to have been an explanation for why Plaintiff was allegedly struck but not evidence of an agreement. Lacking such evidence, Plaintiff offers extrapolations that go well beyond reasonable inference: he "[e]xtrapolat[es]" from the

---

[5] Since this Court has not been given the deposition testimony of inmate Lowery, it is difficult to assess whether the inmate's testimony about what Defendant Ferguson allegedly said would be admissible or not. For example, in their opposition to Plaintiff's motion to file the SAC, Defendants argued that inmate Lowery's testimony is hearsay since Ferguson allegedly said that an unidentified defendant made the statement about why Plaintiff was beaten. (Doc. 75 ¶ 2).

statement that "there was a certain informal code of conduct for inmates, understood and enforced violence by jail guards" and "defendants would have had to have had a shared understanding of what was 'out of line' for an inmate and an agreement that deviations would be enforced with physical violence." (Doc. 68, at 2). This Court is not persuaded that the isolated and ambiguous statement that Defendant Ferguson allegedly made to inmate Lowery provide a basis these far-reaching conclusions.

For the above reasons, Defendants are entitled to summary judgment on the claim that they conspired to use excessive force.

**B.** **Conspiracy to "Cover-up" the Use of Excessive Force**: Plaintiff's second allegation that Defendants conspired to "cover-up" their use of excessive force fares no better. The Seventh Circuit has made clear that such a claim should be construed as alleging that the plaintiff was denied a right of access to the courts. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422 (7th Cir. 2000); *Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995). It is well established that a conspiracy to cover-up wrongdoing "which ultimately neither prevented the plaintiff[ ] from pursuing relief nor reduced the value of [his] claim, [i]s not actionable under section 1983." *Cefalu*, 211 F.3d at 423. Plaintiff actively pursued his administrative grievances and brought this suit. He does not allege that he has been denied access to the courts or that the "cover-up" reduced the value of his claim.

Apparently recognizing the futility of the claim, Plaintiff does not respond to Defendants' arguments in support of summary judgment and instead merely acknowledges that Defendants' memorandum "correctly states the law." (Doc. 68, at 1 n.1). Since Plaintiff has not responded, he has waived any arguments in response. *See Laborers' Int'l*

*Union of North Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (party waives arguments not presented in response to summary judgment motions). As a result, no material issue of fact exists, and Defendants are entitled to summary judgment on the claim that they conspired to cover-up their use of force.

As Defendants note, Plaintiff's FAC does not actually state whether his conspiracy claims are brought pursuant to § 1983 or under Illinois state law. Insofar as the conspiracy allegations could be considered as arising under state law, they are barred by the applicable statute of limitations. Under Illinois law, a claim of civil conspiracy against a municipality or its employees must be filed within one year of the time the underlying events took place. 745 ILCS 10/8-101; *Fender v. Town of Cicero*, 347 Ill. App. 3d 46, 52, 807 N.E.2d 606, 611 (1st Dist. 2004). In this case the alleged use of excessive force took place on May 19, 2008, twenty-two months before Plaintiff filed this action on March 16, 2010. Plaintiff has presented no evidence on the timing of the actions that he claims – but does not describe – were involved in the cover-up of Defendants' actions. As a result, there is no basis for concluding that the alleged acts following the May 19, 2008 altercation extended beyond the statutory one-year threshold of March 16, 2009. In light of the fact that Plaintiff has failed to respond in any manner to Defendants' argument on this issue, the Court finds that any conspiracy claims Plaintiff has asserted under state law are barred by the one-year statute of limitations.

For these reasons, no issue of material fact exists on Plaintiff's claims that Defendants violated his constitutional rights by conspiring to use excessive force and by conspiring to cover-up evidence. Defendants' motion for summary judgment is granted as to this claim.

## II. Motion for Leave to File Second Amended Complaint

After Defendants filed their motion for summary judgment, Plaintiff filed a motion for leave to file the SAC with amendments to the conspiracy claim in Count II. (Doc. 64). According to Plaintiff's motion, the purpose of the SAC is to add allegations in Count II concerning the statement that Defendant Ferguson allegedly made to inmate Lowery that were previously discussed. (*Id*. ¶ 3). Plaintiff argues that the amendment should be permitted because Defendants' motion for summary judgment contends that Plaintiff's First Amended Complaint (Doc. 47) lacks specific allegations of a conspiracy among the Defendants, and the SAC "cures those deficiencies and disposes defendants' motion for summary judgment." (Doc. 64 ¶ 4).

The motion for leave to file the SAC is denied. Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Although this is a broad directive, a court "need not allow an amendment . . . when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc*., 241 F.3d 854, 861 (7th Cir. 2001). An amended claim is futile when it would still not survive dismissal or summary judgment. *Id*. For reasons discussed earlier in this Opinion, the addition of these allegations to Count II of the complaint would not prevent Defendants from obtaining summary judgment. Alleging facts in an amended complaint is not a shield against summary judgment because a party cannot rest on such allegations and "may not, in defending against a motion for summary judgment, rest on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 259.

Plaintiff's motion does not mention the other new allegations that appear in Count II of the SAC, namely, allegations that administering beatings to inmates "was a common and routine practice for inmates who were perceived by jail guards to be out of line and to demonstrate that they were in control of the jail." Defendants object to these new allegations as prejudicial since they believe Plaintiff is attempting to add a claim under *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658 (1978), after the close of discovery and the filing of two summary judgment motions. (Doc. 75 ¶ 2). Further, they note that Plaintiff has sued Defendants in their individual capacity and has not filed suit against the Cook County Sheriff's Office. Therefore the proposed amendment to add a *Monell* claim would be futile and should be denied pursuant to FED. R. CIV. P. 15(a).

This Court agrees. Plaintiff's First Amended Complaint does not contain a *Monell* claim (or sue Defendants in their official capacity) since it does not allege that Defendants acted pursuant to a custom, policy, or practice to deny Plaintiff his rights, much less identify any such policy. *Stevens v. Dewitt County, Ill.*, No. 11-3162, 2011 WL 4948605, at *5 (C.D. Ill. Oct. 18, 2011) (citing *Nevinger v. Town of Goodland, Ind.*, No. 4:11-CV-25, 2011 WL 2694662, at *5 (N.D. Ind. July 12, 2011)) ("[E]ven under the liberal notice-pleading standard of the federal rules, the Complaint must still contain direct or inferential allegations with respect to all material elements of a *Monell* claim."). To the extent that Plaintiff is seeking in the proposed SAC to add a *Monell* claim after the close of discovery and the filing of two motions for summary judgment, it is too late. Adding a *Monell* claim

now would be futile in any event since, with discovery closed, Plaintiff would be unable to obtain evidence to prove these allegations.

## **CONCLUSION**

For all these reasons, Defendants' motion for summary judgment (Doc. 59) is granted, and Plaintiff's motion for leave to file his second amended complaint (Doc. 64) is denied.

ENTER:

Dated: July 23, 2012

_____
SHEILA FINNEGAN
United States Magistrate Judge